IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SUSAN L. LOPEZ, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.
) SA-99-CA-769-OG
FOUR SEASONS NURSING )
CENTERS, INC. d/b/a ManorCare Health )
Services, MANORCARE HEALTH )
SERVICES, INC., and MANORCARE )
HEALTH SERVICES OF TEXAS, INC., )
)
Defendant(s). )

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

Pending before the Court is the Memorandum and Recommendation of the United States Magistrate Judge (Dkt. # 108); Plaintiff's objections to the recommendation (Dkt. # 110); and, Defendants' objections to the recommendation (Dkt. #112). The parties also filed several responses and replies to the objections.[1]

After reviewing the record and applicable law, the Court concurs with the Magistrate Judge's conclusion that there are no genuine issues of material fact and agrees that Defendants' Motion for Summary Judgment (Dkt. # 86) should be granted. The Court also concurs with the Magistrate Judge's conclusion that an award of attorney's fees is not warranted in this case.

---

[1] Plaintiff filed four responses or replies and Defendants filed three responses or replies. (Dkt. # 113, 114, 115, 116, 117, 118 and 119).

I.

Where no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review. In such cases, the Court need only review the Memorandum and Recommendation and determine whether it is either clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, if any party objects to the Memorandum and Recommendation, the Court must review those portions of the report de novo. See 28 U.S.C. § 636(b)(1) (a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made); see also Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 646 (5th Cir. 1994). Such a review means that the Court will examine the entire record and make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Court has reviewed, de novo, the recommendation and the parties' objections, in light of the entire record, and the Court concurs entirely with the factual and legal findings in the Memorandum and Recommendation. However, the Court will address the objections raised by both parties. The Court will not reiterate the Magistrate Judge's statement of the facts or legal analysis of the law, except to the extent necessary to address the objections.

II.

First, Plaintiff contends the Magistrate Judge erroneously concluded that Plaintiff's statements regarding a conversation with Clarence Conner, a shift supervisor, were hearsay. Plaintiff believes such statements constitute direct evidence of retaliation. In Plaintiff's deposition, she testified:

> Q: Why did you check [your personnel file]?
>
> A: Because Clarence Conner told me to check my personnel file. She said that Connie Stigen was trying to do a number on me; that she was trying to get rid [of] me; so to check it and make sure there was nothing in there that she might have planted in there. So I checked it in front of Ms. Strong.
>
> Q: Did she explain why she believed Connie Stigen was out to do a number on you?
>
> A: She said that Connie was upset because I went to the EEOC on her and filed charges against her.

(Dkt. # 87, Exh. H @ p. 338). These are not statements by Connie Stigen, the Director of Nursing. It is simply Plaintiff's rendition of a conversation between her and Ms. Conner. The Magistrate Judge concluded that these statements constitute hearsay. Plaintiff contends that Ms. Conner's statements are admissible as an admission by a party opponent. Fed.R.Evid. 801(d)(2)(D). In response, Defendants argue that such statements are not party admissions because the declarant (Ms. Conner) did not have authority or involvement in the decisions regarding Plaintiff's employment. After reviewing the cases cited by both parties, the Court agrees that the statements are <u>not</u> party admissions. See <u>Staheli v. Univ. of Mississippi</u>, 854 F.2d 121, 126 (5th Cir. 1988)( declarant played no role in the adverse employment decision and made statement in his capacity as "wiseacre" only). Alternatively, the Court agrees with the Magistrate Judge's assessment that such statements have no

probative value anyway. Ms. Aparicio, rather than Ms. Stigen, terminated Plaintiff. Moreover, the affidavit of Clarence Conner states that she never heard any Directors of Nursing say they wanted to get rid of Ms. Lopez for any reason. (Dkt. # 95, Exh. D-32).

III.

Plaintiff further complains that the Magistrate Judge never addressed the statements of Irene Acclise in an affidavit which states, in part:

> I spoke with Susan's CNA's many times and understood that they were expected by Connie to watch Susan and report what Susan did to Connie. I understood them to mean that they had to report negative things about Susan.

(Dkt. # 87, Exh. D). The Court does not believe these statements constitute admissible evidence of discrimination or retaliation for several reasons. First, the affidavit is fatally defective because the affiant fails to swear, under oath, that the facts therein are true and correct. <u>Nissho-Iwai American Corp. v. Kline</u>, 845 F.2d 1300, 1305-06 (5th Cir. 1988). Second, the statements are not based on the personal knowledge of Ms. Acclise; instead, they are based on hearsay (conversations between Ms. Acclise and other nurses aides) and speculation (her understanding of what they meant). Although Plaintiff contends the statements are party admissions and/or statements of a co-conspirator of a party during the course and in furtherance of the conspiracy (to "get rid of" her), the Court does not agree. <u>See</u> Fed.R.Evid. 801(d)(2)(D) & (E). The nurses aides did not have any decision-making authority regarding Plaintiff's employment. <u>See</u> <u>Staheli</u>, 854 F.2d at 126. Nor is there any evidence of a "conspiracy" or any indication that statements by the nurses aides were made in "furtherance of a conspiracy." <u>See</u> <u>U.S. v. Cornett</u>, 195 F.3d 776, 782 (5th Cir. 1999).

IV.

Plaintiff further contends the Magistrate Judge applied the incorrect summary judgment standard and engaged in impermissible weighing of the evidence in her analysis of retaliation.

In her recommendation, the Magistrate Judge stated that "a reasonable juror could also conclude that her termination, eight months after the filing of her EEOC charge, had nothing to do with Lopez' protected activity." (Dkt. # 108 @ p. 30). Contrary to Plaintiff's assertions, the Court does not believe the Magistrate Judge was weighing the evidence or applying a different standard of review in making this statement.[2] She was merely commenting that the proximity in time, standing alone, is not enough to establish a causal link between the filing of EEOC charges and termination. The Court concurs with this finding.

The Magistrate Judge also stated that, contrary to Plaintiff's assertions, Conner denied (under oath) knowing the specifics of Lopez' EEOC claims, and more significantly, taking any role in the submission of Lopez' EEOC charge. (Dkt. # 108 @ p. 30). Plaintiff claims this statement indicates the Magistrate Judge was weighing the credibility of the witnesses and was willing to believe Ms. Conner, but not Ms. Lopez. The Court has reviewed Plaintiff's deposition testimony (Dkt. # 87, Exh. H @ pp. 59-62) and Ms. Conner's sworn affidavit (Dkt. # 95, Exh. D-32) and concurs with the Magistrate Judge's comments and findings. In doing so, the Court is not weighing the evidence or believing one person's testimony rather than

---

[2] The applicable standard of review is set forth on pages 8-11 of the Memorandum and Recommendation and it appears the Magistrate Judge followed the standard of review in making her recommendation.

another. It is simply reviewing the record and accepting evidence which is based on personal knowledge, rather than hearsay.

V.

Plaintiff also contends the Magistrate Judge ignored evidence of "pretext" and applied a "pretext-plus" requirement when she sought corroborating evidence to support Plaintiff's allegations. The Magistrate Judge was not applying a "pretext-plus" standard. As stated in the recommendation, mere allegations are not enough and Plaintiff must offer <u>admissible</u> evidence to support (or corroborate) her allegations. In reviewing the record, the evidence offered by Plaintiff is inadmissible in many respects and is not enough to establish a prima facie case of discrimination. Likewise, the same evidence is insufficient to show pretext. The Magistrate Judge did not "ignore" the evidence. She simply accepted any evidence which was admissible and probative, and rejected that evidence which was not.[3]

VI.

In her remaining objections, Plaintiff makes essentially the same evidentiary arguments that she asserted in her response to Defendants' Motion for Summary Judgment. Specifically, that the reprimands and written warnings were unwarranted and she was disciplined when others were not. Although the Court understands Plaintiff's need to reiterate her position, the Magistrate Judge adequately addressed these issues and determined the evidence was insufficient to overcome summary judgment. The Court agrees with the findings in the recommendation, and it is not necessary to reiterate the entire analysis of the facts. The Court

---

[3] The Magistrate Judge noted that her reliance on Plaintiff's affidavits would be limited to those statements, if any, reflecting the witnesses' personal knowledge. (Dkt. # 108 @ p. 12).

would like to note, however, that the disciplinary records offered in support of Defendants' motion do reflect that other employees were disciplined for similar mistakes or misconduct. (Dkt. # 95, Exhibit D-27). Further, Plaintiff has failed to identify any other employees who had five work rule offenses within a twelve month period, as she did, and who were not terminated from employment. See Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1092 (5th Cir. 1995) (a plaintiff must offer evidence sufficient to support a finding that white employees in "nearly identical" circumstances have been treated differently).

For these reasons, Plaintiff's objections to the Memorandum and Recommendation of the Magistrate Judge (Dkt. # 110) are OVERRULED.

## VII.

In their objections, Defendants contend that they are entitled to attorney's fees under three rules, and that the Magistrate Judge only addressed two rules in her recommendation to deny the request. Specifically, Defendants contend the Magistrate Judge did not consider whether they are entitled to fees under Fed.R.Civ.P. 56(g) which states, in part:

> Should it appear . . . that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorneys fees.

In this case, Plaintiff presented the affidavits of former employees whose testimony the Magistrate Judge disregarded to the extent it was based on hearsay, was not based on the personal knowledge of the affiants, or was otherwise inadmissible. (See Dkt. # 108 @ p. 12). Although the affidavits were controverted by Defendants' business records in many respects, the Court cannot conclude that such affidavits were presented in bad faith or solely for the

purpose of delay. Further, even if the Court believed otherwise, the expenses recoverable under Rule 56(g) do not include attorney's fees incurred throughout the entire case. Instead, only those fees incurred in responding to the affidavits would be recoverable.

Defendants also disagree with the Magistrate Judge's conclusion that attorney's fees should not be awarded under Fed.R.Civ.P. 54(d)(2) and 42 U.S.C. § 2000e-5(k). The Magistrate Judge discussed, at some length, the reasons why she did not believe this lawsuit was brought in bad faith or solely for the purpose of delay. She also discussed the statements in Plaintiff's EEOC complaint and her deposition testimony in which she later conceded that one incident of disciplinary action, noted in the EEOC complaint, was not a discriminatory act. It is not atypical for litigants to concede certain issues or otherwise change their view about an issue throughout the course of litigation. This does not mean that Plaintiff did not believe that other instances of disciplinary action were discriminatory, or that she continued to pursue her claims in bad faith.

For these reasons, Defendants' objections to the Memorandum and Recommendation (Dkt. # 112) are also OVERRULED.

Accordingly, the Court ORDERS that the Memorandum and Recommendation of the United States Magistrate Judge (Dkt. # 108) is ACCEPTED in its entirety, pursuant to 28 U.S.C. § 636(b)(1). It is further ORDERED that Plaintiff's Objections to the Memorandum and Recommendation of the Magistrate Judge (Dkt. # 110) are OVERRULED and Defendants' Objections to the Memorandum and Recommendation of the Magistrate Judge (Dkt. # 112) are also OVERRULED. It is further ORDERED that Defendants' Motion for Summary Judgment (Dkt. # 86) is GRANTED. It is further ORDERED that all other

pending motions are denied as MOOT.

SIGNED this 24 day of January, 2001.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE